IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUAN CARLOS GARCIA-RODRIGUEZ,<br><br>                      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                      Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:16CV1027DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Petitioner Juan Carlos Garcia-Rodriguez's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. The motion is fully briefed. On April 24, 2015, Petitioner pleaded guilty to Counts 1 and 2 of the Superseding Indictment and signed a Statement in Advance of Plea ("Plea Agreement"). On October 8, 2015, the court held Petitioner's sentencing hearing. Petitioner's counsel argued on Petitioner's behalf and Petitioner declined to make a statement. The court determined that Petitioner's correct guideline range was 235-293 months and then sentenced Petitioner to 235 months incarceration followed by 60 months supervised release.

Petitioner filed this § 2255 motion challenging his sentence on several grounds. Specifically, Petitioner argues that: (1) the DEA obtained evidence in violation of the Fourth Amendment; (2) his trial counsel failed to subject the government's case to a true adversarial

test; (3) his trial counsel erroneously permitted and endorsed the consolidation of his case with Defendant Escobar-Castro; (4) he was independent from Escobar-Castro, had a "buyer-seller" relationship with him, and was not part of Escobar-Castro's drug network; (5) he and Escobar-Castro's operations were independent and the attributable quantities were double counted; (6) he was the victim of ineffective assistance of counsel because his counsel failed to present the government with a signed plea agreement and instead permitted him to plead guilty without a plea agreement; and (7) his "dilatory" plea was not knowing and voluntary because he was advised that he would receive some benefit from his plea, including "acceptance of responsibility" and other guideline reductions.

"[A] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack.

1. **Fourth Amendment**

Petitioner argues that the Title III Wiretap Order granting interceptions on Escobar-Castro's telephone, with a (909) area code, went well beyond the jurisdictional limits of the Clarke County judge who issued the order. However, Petitioner never raised this issue during his case or in a direct appeal. Any claim that Petitioner could have raised on direct appeal, but did not, is procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first

challenged on direct review."). To obtain review, Petitioner must demonstrate that he had good cause for not raising the claim and would suffer "actual prejudice" if this court did not review it. *Id.* at 622. Petitioner has not attempted to meet this burden. Moreover, with respect to the merits of the claim, Petitioner has not demonstrated that he would have standing to challenge the wiretap order on Escobar-Castro's telephone. Petitioner has not attempted to establish that he has a possessory or privacy interest in Escobar-Castro's telephone. Because there is no evidence demonstrating that this claim has any merit, Petitioner's counsel was not ineffective for failing to bring on motion to suppress on these grounds or failing to discuss this issue with Petitioner prior to his change of plea.

**2. Adversarial Test**

Petitioner claims that his trial counsel was ineffective because she failed to subject the government's case to a true adversarial test. To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).

Petitioner has failed to demonstrate any evidence his counsel should have or could have had suppressed. Nothing in Petitioner's motion shows a potential motion that would have had merit. Therefore, the court finds no basis for concluding that Petitioner's counsel's performance was deficient or that the deficient performance was prejudicial.

### 3. Severance/Consolidation

Petitioner contends that his trial counsel erroneously permitted and endorsed the consolidation of prosecutions between Petitioner and co-defendant Escobar-Castro. Petitioner also argues that he had an independent "buyer-seller" relationship with Escobar-Castro, was not part of Escobar-Castro's network, and he should not be held responsible for Escobar-Castro's drug quantities.

Petitioner's claim that his counsel should have filed a motion to sever is without merit because there would have been no basis for filing such a motion. Petitioner and Escobar-Castro were charged with conspiracy to distribute and conspiracy to commit money laundering. The government has substantial evidence that both defendants were engaged in a conspiracy to sell and distribute drugs. The court would not have allowed the case to be severed under these facts and circumstances. In addition, even if Petitioner and Escobar-Castro were in a buyer-seller relationship, their activities were intertwined. The motions in limine and the United States' sentencing memorandum outlined the defendants' respective roles in the conspiracy and network. There is no basis in fact or evidence for asserting that Petitioner and Escobar-Castro had a simple buyer-seller relationship. Therefore, Petitioner's newly formed arguments do not negate the actual evidence in the case and do not demonstrate that counsel's performance was deficient or prejudicial.

Moreover, the court did not hold Petitioner responsible for Escobar-Castro's separate conduct in Las Vegas. The Presentence Investigation and Report did not include that conduct. Petitioner's guideline calculation was the result of only conduct between Petitioner and Escobar-

Castro. Therefore, the court concludes that Petitioner has not identified any eror or miscalculation with his sentence.

### 4. Plea Agreement

Petitioner further argues that his counsel was ineffective for failing to provide a signed plea agreement. Petitioner appears to be claiming that if his counsel had prepared the Plea Agreement, he would have been given a three-level reduction for acceptance of responsibility. However, Petitioner's counsel did prepare his Plea Agreement, nothing in the Plea Agreement mentions a three-level reduction, and a three-level reduction is only available if the government moves for it. Counsel's performance cannot be considered deficient or prejudicial in this situation because she had no control over whether the government would move for the third point. Petitioner claims that he received nothing in return for his change of plea, however, he received a two-level reduction for acceptance of responsibility that he would not have received if he had gone to trial. Moreover, Petitioner claims that he pleaded guilty without a plea agreement. However, he signed a plea agreement at the change of plea hearing and the agreement was docketed. Therefore, the court concludes that Petitioner has demonstrated no grounds for finding his counsel's performance ineffective.

### 5. Guilty Plea

Finally, Petitioner argues that his guilty plea was not knowing and voluntary because he was advised that he would receive some benefit from his plea. Petitioner claims that he did not receive a benefit for acceptance of responsibility. However, as explained above, the court gave Petitioner a two-level reduction for acceptance of responsibility that he would not have received

if he had gone to trial. The government was arguing for a 360-month sentence and the court gave Petitioner reductions based on the quantity of drug calculations and acceptance of responsibility that allowed him to get a 235-month sentence. There is no basis for Petitioner's assertion that he received no benefit from entering his plea agreement.

Moreover, the magistrate judge who took Petitioner's change of plea asked Petitioner if he understood the contents of his plea documents, if he needed additional time to review it, and if he understood the rights he was giving up by entering his guilty plea. Petitioner was given a full opportunity to understand the plea agreement and the proceedings. Therefore, the magistrate correctly concluded that Petitioner was knowingly and voluntarily entering his guilty plea.

For the above reasons, Petitioner's Petition under 28 U.S.C. § 2555 is DENIED and DISMISSED WITH PREJUDICE.

DATED this 2d day of February, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge